**NOT FOR PUBLICATION** **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH MOCCO, | : | |
| Petitioner, | : | **OPINION** |
| v. | : | Civ. No. 02-1429 (WHW) |
| LAWRENCE ASHTON, SR., ADMINISTRATOR, BAYSIDE STATE PRISON, and DAVID SAMSON, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, and THE STATE OF NEW JERSEY, DEPARTMENT OF CORRECTIONS, BUREAU OF PAROLE, | : | |
| Respondents. | : | |

**Walls, Senior District Judge**

Petitioner Joseph Mocco ("petitioner") filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, that was administratively terminated by this Court on February 23, 2005. He now moves to re-open his petition. For the following reasons, the motion is denied.

### FACTS AND PROCEDURAL BACKGROUND

On April 17, 1989, petitioner was sentenced to a twenty-year prison term for conspiracy to commit racketeering in violation of N.J.S.A. 2C:41-1(d), two counts of second degree bribery in violation of N.J.S.A. 2C:27-2(c), and official misconduct in violation of N.J.S.A. 2C:30-2(a).

1

Petitioner filed a petition for writ of habeas corpus in federal court on November 15, 1995, which was dismissed without prejudice on August 13, 1996 for failure to exhaust state remedies. On January 16, 1997, petitioner filed a pro se petition for post-conviction relief in state court, which was denied on November 5, 1998. The Appellate Division of the Superior Court of New Jersey affirmed the denial of post-conviction relief on February 26, 2001, and the New Jersey Supreme Court denied certification on May 5, 2001.

Petitioner was released from prison on parole on February 14, 2000, with special conditions imposed on September 17, 2001 and February 22, 2002. Petitioner challenged those conditions in a second habeas petition, filed on March 12, 2002. On August 2, 2002, the State Parole Board affirmed the petitioner's conditions, and the petitioner appealed to the New Jersey Superior Court, Appellate Division. The decision was affirmed on April 19, 2004.

On July 21, 2004, petitioner's second habeas petition was stayed in federal district court pending disposition by state courts. Specifically, the order provided that petitioner "may return, if necessary, to the district court within 30 days of the final determination by all appropriate state courts." On November 18, 2004, the New Jersey Supreme Court granted a petition for certification, and the New Jersey Supreme Court dismissed petitioner's appeal on November 21, 2005. In the meantime, petitioner's second habeas petition was administratively terminated in federal district court without prejudice on February 23, 2005. Petitioner moved to re-open the second habeas petition on March 27, 2006.

## ANALYSIS

**I.        Petitioner Did Not Violate the Thirty Day Requirement**

Respondents argue that the petitioner may not re-open his habeas petition on the grounds that he violated the thirty-day time limit imposed by the administrative termination order. Specifically, respondents claim that the thirty-day time limit of the order to stay, issued July 21, 2004, is incorporated into the administrative termination order of February 23, 2005. (Resp. Br. at 2-3.) Petitioner responds that the Court's February 23, 2005 administrative termination does not impose a time limit. The Court agrees with the petitioner. The administrative termination order of February 23, 2005 supersedes the stay order of July 21, 2004, and is controlling. The administrative termination order reads:

> It appearing that proceedings in the above matter have been stayed, pending the disposition of a case in the state court of New Jersey, which may become dispositive of the litigation pending here, It is on this 23rd day of February 2005, ORDERED that the Clerk administratively terminate the action in his records, without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation of order, or for any other purpose required to obtain a final determination of the litigation.

No time limit is specified in the administrative termination order.

Respondents' argument that the mere phrase "having been stayed" incorporates the thirty-day time limit from the July 21, 2004 order is without merit. While the Third Circuit has limited the district courts' discretion in allowing petitioners to return to federal court following the denial of state post-conviction relief to "a reasonable interval," Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004), there is no indication that such limitation applies to administrative terminations. The open-ended administrative termination is rightly within the discretion of this Court. Petitioner is not barred from re-opening habeas proceedings based on the thirty-day requirement in the July 21, 2004 order.

## II. AEDPA's one-year Statute of Limitations Precludes Petitioner from Reopening Habeas Proceedings

Respondents contend that the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") precludes the petitioner from re-opening habeas proceedings due to the one-year statute of limitations. (Resp. Br. at 3-5.) Petitioner, on the other hand, argues that the statute of limitations did not resume running after November 21, 2005, when state proceedings ceased. (Pet. Br. at 7.)

"[The AEDPA] sets a one-year period for filing [state prisoners' petitions for writ of habeas corpus], running from 'the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.'" Day v. McDonough, 126 S. Ct. 1675, 1679 (2006) (quoting 28 U.S.C. § 2244 (d)(1)(A)). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state post-conviction relief 'is pending.'" Id. (quoting § 2244 (d)(2)). The "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Bowman v. Kyler, 2003 U.S. Dist. LEXIS 23887, *10-11 (E.D. Pa. December 10, 2003) (citing Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000)).

Petitioner's direct appeal of his petition for post-conviction relief became final on May 5, 2001, when the Supreme Court of New Jersey denied certification. Three hundred and thirteen days later, on March 12, 2002, petitioner filed his second habeas petition. Since no habeas petition or petition for post-conviction relief was pending during the interval, the statute of limitations ran from May 5, 2001, until March 12, 2002. The statute was tolled again from March 12, 2002 until state proceedings on the parole issue concluded on November 21, 2005. When state proceedings ceased

on November 21, 2005, there was no pending habeas petition because the second petition was administratively terminated on February 23, 2005. Petitioner had fifty-two days remaining (three hundred and sixty-five days less three hundred and thirteen days) after November 21, 2005, in which to make a motion to re-open the second habeas petition before the statute of limitations expired. Instead, petitioner waited one hundred and twenty-six days to make his motion, well outside the statutory period.

**III.     The Statute of Limitations Cannot Be Equitably Tolled**

Petitioner argues that the statute of limitations on his habeas petition is subject to equitable tolling. Petitioner emphasizes that he filed both habeas petitions timely, and that the approximately four month period between the end of state court proceedings on the parole issue and his motion to reopen the second habeas petition is "not extreme" in light of the twelve year duration of the habeas proceedings. (Pet.'s Br. at 7.)

Courts will equitably toll the statute of limitations of AEDPA only when principles of equity would make the rigid application of a limitation period unfair. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Mere excusable neglect is not sufficient for equitable tolling of the AEDPA statute of limitations. Miller, 145 F.3d at 619. Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) the plaintiff has timely asserted his

rights mistakenly in the wrong forum, Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted); or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005) (citations omitted). Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances [do not prevent a] timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, petitioner offers no explanation as to why he failed to move to re-open habeas proceedings in a timely manner after the New Jersey Supreme Court dismissed his appeal of parole conditions on November 21, 2005. Petitioner has presented no basis for equitable tolling other than the longevity of the proceedings, which does not excuse petitioner's untimely motion to re-open habeas proceedings. See Bowman, 2003 U.S. Dist. LEXIS 23887 at *24-25 (petitioner, with only forty-four days remaining on his one-year limitations period following the dismissal of his Post-Conviction Relief Act ("PCRA") petition, failed to file his habeas petition within the time period). The statute of limitations cannot be equitably tolled here.

**IV.     Petitioner's Motion is not an Amendment to the Original Habeas Petition**

Petitioner claims that his motion, if treated as an amendment to his original habeas corpus petition, relates back to the date of his original, timely-filed petition. By statute, Congress has provided that a habeas petition "may be amended. . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure,

instructs: "An amendment of a pleading relates back to the date of the original pleading when . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).  However, the Supreme Court has held that "[a]n amended habeas petition. . . .does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth." Mayle v. Felix, 125 S. Ct. 2562, 2566 (2005).

Here, petitioner's parole conditions at issue in his second petition for habeas corpus were imposed on September 17, 2001 and February 22, 2002.  The underlying facts of this second petition differ in both "time and type" from the allegations in the original habeas petition.  The original habeas petition focused on the trial and the constitutionality of the RICO Act, whereas the second petition includes inter alia, arguments concerning post-conviction proceedings and parole conditions. There is simply no overlap for petitioner to contend that the parole conditions of the second petition relate back to the core of operative facts involved in his first petition.

Moreover, that petitioner could not have asserted the parole limitation claim at the time of his original habeas petition, which he filed while incarcerated, is moot.  "A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period." US v. Duffus, 174 F.3d 333, 338 (3d Cir. 1999). Petitioner cannot take advantage of the existence of his original habeas petition to effectively toll the limitations period indefinitely while he "amends" his petition with claims that have nothing to do with those in the original petition.

## CONCLUSION

For the foregoing reasons, petitioner's motion to re-open habeas proceedings is denied. The petition is dismissed.

                                                          **/s/ William H. Walls**
                                                        United States Senior District Judge